IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD CLINTON HOUGHTON                              CV. 05-582-BR

       Petitioner,

  v.                                                OPINION AND ORDER

GUY HALL, Superintendent

       Respondent.


      CORRINE J. LAI
      520 S.W. Sixth Ave., Suite 825
      Portland, OR  97204

          Attorney for Petitioner


      HARDY MYERS
      Attorney General
      LESTER R. HUNTSINGER
      Senior Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, OR  97301

          Attorneys for Respondent


1 - OPINION AND ORDER

BROWN, Judge

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is DENIED.

## BACKGROUND

In 1998, when Petitioner was 46 years old, he befriended Joshua Reed, a 19-year old, mentally challenged, homeless man living in his car. Petitioner asked Mr. Reed to help Petitioner find his (non-existent) son. After a few days, Petitioner suggested he and Mr. Reed travel together to a music festival in California. Most charges resulted from events that occurred on June 27, 1998, near Brookings, Oregon.

Petitioner was indicted on five counts of Sodomy in the First Degree (Counts 1-5), one count of Unlawful Sexual Penetration in the First Degree (Count 6), three counts of Sexual Abuse in the First Degree (Counts 7, 8, 9), five counts of Sexual Abuse in the Second Degree (Counts 10-14), five counts of Sexual Abuse in the Third Degree (Counts 15-19), four counts of Harassment (Counts 20-23), Furnishing Alcohol to a Person Under 21 Years of Age (Count 24), Recklessly Endangering Another Person (Count 25), and Delivery of a Controlled Substance (Count 26).

Following a trial by jury in Curry County (Oregon) Circuit Court, Petitioner was convicted on all counts. Petitioner's net
2 - OPINION AND ORDER

sentence was 675 months incarceration, to be followed by post-prison supervision

Petitioner was sentenced on Counts 1 through 7 under Oregon's mandatory minimum sentencing statute, Or. Rev. Stat. § 137.700 (Measure Eleven). On Counts 1 through 6, Petitioner was sentenced to 100 months each. On Count 7, Petitioner was sentenced to 75 months. Although Petitioner's attorney argued for concurrent sentencing and merger of the convictions as acts arising out of a continuous and uninterrupted course of conduct, the trial court imposed consecutive sentences under the authority of Or. Rev. Stat. § 137.123(5)(a). On each count, the court specifically found that "this offense was not an incidental violation in the course of the commission of a more serious crime, but rather was an indication of the defendant's willingness to commit more than one criminal offense."

The trial court did not impose any sentence on Counts 8 through 19, and 21 through 23, finding the convictions merged with Counts 1 through 7. The trial court imposed concurrent, 114-day sentences on Counts 20, 24, and 25 pursuant to Oregon's sentencing guidelines, and ordered the 114-day sentences to run consecutive to Counts 1 through 7, with credit for time served in jail prior to trial. The record is unclear as to disposition on Count 26.

Petitioner filed a direct appeal of his convictions, but subsequently moved for an order of dismissal. The Court of Appeals

3 - OPINION AND ORDER

granted Petitioner's motion and an appellate judgment of dismissal issued on May 22, 2000.

Petitioner filed for post-conviction relief (PCR) on January 29, 2002, alleging numerous grounds for relief, including ineffective assistance of counsel premised on counsel's failure to challenge the consecutive sentencing on constitutional grounds. Relief was denied. Petitioner appealed, limiting his appeal to the claim of ineffective assistance of counsel for failing to challenge consecutive sentencing. The Oregon Court of Appeals affirmed without opinion. *Houghton v. Lampert*, 194 Or.App. 329, 95 P.3d 757 (2004). The Oregon Supreme Court denied review. *Houghton v. Lampert*, 337 Or. 616, 103 P.3d 639 (2004).

On April 25, 2005, Petitioner filed the instant Petition, *pro se*, raising all claims presented to the PCR trial court. Respondent contends only ground six, alleging ineffective assistance of counsel for failure to challenge the consecutive sentencing on constitutional grounds, is properly before this court because the other claims are procedurally defaulted. Petitioner concedes this point in his memorandum, and, accordingly, Petitioner addresses only claim six. Having found no evidence in the record to the contrary, this court limits its review to ground six. *See* 28 U.S.C. § 2248 ("allegations of a return to the writ of habeas corpus or of an answer to an order to show cause . . . , if not

4 - OPINION AND ORDER

traversed, shall be accepted as true except to the extent that a judge finds from the evidence that they are not true").

Petitioner argues this habeas Petition should be granted because denial of PCR relief was "contrary to clearly established federal precedent under the principle of legislative deference." Pet. Mem. 3. Petitioner presents three arguments for finding counsel's representation constitutionally deficient, and, in any event, urges the court to consider all arguments he has raised to avoid a miscarriage of justice. According to Respondent, however, Petitioner procedurally defaulted the first two arguments for relief under ground six by not presenting them to the state PCR court. On the remaining issue, Respondent urges the court to give deference to the state court's findings pursuant to 28 U.S.C. § 2254(d)(1).

## DISCUSSION

### I. Procedurally Defaulted Claims

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)(state courts must have an opportunity to act on claims before they are presented in a habeas petition). The exhaustion requirement is satisfied when federal claims have been fairly presented to the

5 - OPINION AND ORDER

state's highest court as a federal question. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). The proper factual and legal basis for the claim must be presented to the state court. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

If a petitioner has not "fairly presented" his federal claims in state courts, and can no longer do so under state law, then the petitioner's state-court remedies are technically exhausted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996). When state-court remedies are "technically exhausted" they are also "procedurally defaulted" because the state court has not had an opportunity to hear the claims before the federal court considers them. *O'Sullivan,* 526 U.S. at 842. In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. § 138.650 (2005).

Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice or unless the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750. To show a fundamental

6 - OPINION AND ORDER

miscarriage of justice resulting from a procedural default, a petitioner must establish factual innocence. *Schlup v. Delo,* 513 U.S. 298, 329 (1995); *Calderon v. Thomspon*, 523 U.S. 538, 559 (1998); *Wildman v. Johnson*, 261 F.3d 832, 842,43 (9th Cir. 2001).

In support of ground six, Petitioner makes three arguments for finding counsel's representation constitutionally deficient when he failed to object to the 675-month sentence: (1) the sentence imposed "was a violation of the United States Constitution's 5th Amendment Due Process Clause, 14th Amendment Due Process Clause, and the 8th Amendment prohibition against Cruel and Unusual Punishment because the sentence violated O.R.S. 161.067 requiring merger of convictions;" (2) the sentence imposed "was a violation of the United States Constitution's 5th Amendment Due Process Clause, 14th Amendment Due Process Clause, and the 8th Amendment prohibition against Cruel and Unusual Punishment because the sentence was based on past criminal history rather than O.R.S. 161.067;" and (3) the sentence imposed "was a violation of the United States Constitution's 8th Amendment prohibiting Cruel and Unusual Punishment because the 675 month sentence, essentially a life sentence . . . , was disproportionate to the crimes committed."

On appeal from the PCR trial court's decision denying relief, however, Petitioner argued only the third reason, i.e., that counsel was ineffective for not challenging consecutive sentencing

7 - OPINION AND ORDER

on the basis that Petitioner's sentence was grossly disproportionate to the offense and harm done in violation of the Oregon Constitution and the Eighth Amendment to the United States Constitution. Petitioner did not raise either the 400% rule or the issue of Or. Rev. Stat. § 161.067. As such, the state courts were not given an opportunity to hear Petitioner's claim on a legal basis founded on Or. Rev. Stat. § 161.067, as Petitioner now asserts in his first two arguments in support of ground six.

Petitioner cannot again seek state post-conviction relief. *See* Or. Rev. Stat. § 138.550(3) (2005). Accordingly, Petitioner's first two arguments in support of ground six are procedurally defaulted. Moreover, Petitioner has not made any showing of cause and prejudice to excuse his procedural default or that a fundamental miscarriage of justice will result if these grounds are not considered. Habeas relief on these bases is, therefore, precluded.

## II. The Merits

### A. Standards

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or 2) resulted in a decision

8 - OPINION AND ORDER

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In construing this provision, the Supreme Court stated: "it seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000).

The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002). Here, this court reviews the decision of the PCR trial court, which Petitioner alleges is contrary to clearly established federal precedent.

A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams,* 529 U.S. at 388. An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at

9 - OPINION AND ORDER

413). "'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974. It is well established that a claim of ineffective assistance of counsel is governed by the principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).

**B.  Analysis**

A federal claim of ineffective assistance of counsel requires petitioner to prove his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "Not every error that conceivably could have influenced the outcome undermines the reliability of the results of the proceeding." *Strickland* at 693.

Both the performance and the prejudice components of an ineffectiveness claim are mixed questions of law and fact. *Strickland*, 466 U.S. at 698. In reviewing a state court conclusion on a mixed issue, a federal court must "first separate the legal conclusions from the factual determinations that underlie it." *Lambert v. Blodgett*, 393 F.3d 943, 977-78 (9th Cir. 2004). State court fact-finding in the course of deciding an ineffectiveness claim is subject to the deference requirement of section

10 - OPINION AND ORDER

2254(d)(2), and of section 2254 (e)(1) if new evidence is presented for the first time in federal court.  *Strickland*, 466 U.S. at 698; *Lambert*, 393 F.3d at 977-98.  The state court's conclusion as to counsel's effectiveness, however, is a mixed question, not binding on the federal court, and subject to review under section 2254(d)(1).  *Strickland*, 466 U.S. at 698.

In his third argument in support of ground six, the only claim remaining before this court, Petitioner contends his trial counsel was deficient because counsel failed to object to consecutive sentencing as a violation of the 8th Amendment's proscription against cruel and unusual punishment.  Petitioner argues the resulting 675-month sentence is, in light of his age, a life sentence.  The state PCR court denied relief on this claim making the following findings of fact:

> \* \* \*
> 42.  The court sentenced petitioner to 100 months on each of counts 1 through 6 as well as to 75 months on count 7, as required by ORS 137.700 (Measure Eleven).
> 43.  The court imposed all of these sentences to run consecutively to each other, pursuant to its authority under ORS 137.123(5)(a), since petitioner's violations of several statutes was not merely incidental but indicated his willingness to commit more than one criminal offense.
> 44.  The court determined that counts 8 to 19 and 21 to 23 merged with several of the counts mentioned above, and no sentences were therefore imposed on these counts.
> 45.  The court finally sentenced petitioner to 114 days in jail on each of counts 20, 24, and 25, to run

11 - OPINION AND ORDER

       concurrently to each other but consecutively to counts 1 through 7, with credit for time served.
46. Since petitioner received credit for 114 days that he spent in jail prior to trial, petitioner's net sentence was of 675 months under Measure Eleven, in the custody of the Department of Corrections.
47. The court found that petitioner's prior offenses placed him in criminal history column A. Sodomy in the First Degree has a crime seriousness index of 9. The maximum presumptive sentence for such a charge is therefore 72 months.
48. The four-hundred percent rule thus allowed the trial court to impose non-Measure Eleven consecutive departure sentences up to four times that number, or 288 months.
49. Petitioner's Measure Eleven consecutive sentences, totaling 675 months, are in excess of this number.
50. The trial court thus correctly determined that it could not sentence petitioner to guideline sentences consecutively to these mandatory sentences, and properly imposed petitioner's non-Measure Eleven sentences to run concurrently and with credit for time served.
51. Petitioner's sentence did not violate the 400% rule. The sentence was not cruel and unusual, nor unconstitutional.

Resp. Exh. 120 at 8, 9. The court concluded "petitioner was not denied the right to assistance of counsel, as guaranteed by . . . the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington* . . . ."

    Thus, the question for this court is whether the PCR court's denial of relief was contrary to, or an unreasonable application of *Strickland*. The analysis begins with determining whether Petitioner's 675-month sentence violates the Eighth Amendment proscription against cruel and unusual punishment.

///

<u>Constitutionality of Petitioner's Sentence</u>

As noted, there was only brief mention during Petitioner's PCR proceedings of trial counsel's failure to object to the 675-month sentence on constitutional grounds, and Petitioner did not otherwise support his claim. The PCR court denied Petitioner relief, finding his sentence was constitutional. On appeal, Petitioner argued his 675-month sentence violated the Eighth Amendment as grossly disproportionate to the crimes committed and the harm suffered by the victim, and, thus, counsel's failure to challenge the sentence constituted ineffective assistance of counsel. The Oregon Court of Appeals denied review without a written opinion.

As noted, Petitioner was 46 years old when he was sentenced. Because his sentence will keep Petitioner incarcerated until he is more than 100 years old, he contends the sentence is the equivalent of "life without parole" and grossly disproportionate.

Petitioner's reasoning suggests that any sentence for a term of years may violate the Eighth Amendment if there is a chance an inmate will not out-live his sentence. Although Eighth Amendment jurisprudence does not provide clear guidance as to what constitutes cruel and unusual punishment with respect to sentences for a term of years, *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003); *Ewing v. California*, 538 U.S. 11, 20-23 (2003), it is clearly established that the "gross disproportionality principle" applies

13 - OPINION AND ORDER

to such sentences only in "exceedingly rare" and "extreme" cases, and "the precise contours . . . are unclear." *Lockyer*, at 72. Despite a lack of clarity regarding what constitutes gross disproportionality, recent Supreme Court decisions lead this court to conclude Petitioner's sentence is not grossly disproportionate to his crimes, and, thus, does not violate the Eighth Amendment's proscription against cruel and unusual punishment. *See Lockyer,* at 77 (upholding consecutive 25-year-to-life sentences, under "three strikes" law, for theft of video tapes); *Ewing*, 538 U.S. at 31 (25-years-to-life, under "three strikes" law, for theft of golf clubs not grossly disproportionate); *see also Taylor v. Lewis*, 460 F.3d 1093, 1095 (9th Cir. 2006) ("'three strikes' sentence of 25 years to life for possessing 0.036 grams of cocaine did not violate Eighth Amendment").

Petitioner was sentenced under Oregon's mandatory sentencing law on five counts of Sodomy in the First Degree, one count of Unlawful Sexual Penetration in the First Degree, and one count of Sexual Abuse in the First Degree.  The sentencing court imposed consecutive sentences pursuant to its authority under Or. Rev. Stat. § 137.123, and clearly made the necessary, statutory findings. Given Petitioner's repeatedly predatory, sexual criminal conduct and the sheer number of his convictions, the 675-month sentence does not violate the Eighth Amendment in the unusually aggravated circumstances of this case.  The PCR court's conclusion

14 - OPINION AND ORDER

that Petitioner's sentence was constitutional is, therefore, not contrary to or an unreasonable application of clearly established federal law.

### Ineffectiveness Claim

For habeas review to be granted, Petitioner was required to show the that state adjudication of his ineffectiveness claim was contrary to or an unreasonable application of *Strickland*, or that the decision was based on an unreasonable determination of the facts. Because Petitioner's 675-month sentence was constitutional, trial counsel's representation did not fall below an objective standard of reasonableness when he did not challenge consecutive sentencing on constitutional grounds. Accordingly, it was not an unreasonable application of *Strickland* for the state court to deny Petitioner relief on the ineffectiveness claim presented here.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus (#2) is DENIED, and this action is DISMISSED.

IT IS SO ORDERED.

DATED this __6th___ day of June, 2007.

    __/s/ Anna J. Brown
        ANNA J. BROWN
        United States District Judge